UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSE TORRES<br><br>    Defendant | Docket No. 23-CR-10127-LTS |

**GOVERNMENT'S OPPOSITION TO MOTION FOR RELEASE[1]**

The government opposes the Defendant's motion for release.  As the Defendant has pleaded guilty and is awaiting sentencing, this Court "shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence" "be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a)(1).

The government continues to assert that the Defendant presents a danger to the community. "Danger, in this context, was not meant to refer only to the risk of physical violence." United States v. Tortora, 922 F.2d 880, 884 (1st Cir. 1990).[2]  Indeed, the "the Bail Reform Act of 1984, was enacted, in large part, to address growing concern that dangerous defendants were committing crimes while released on bail."  United States v. Hir, 517 F.3d 1081, 1089 (9th Cir. 2008) ("Our holding accomplishes just that: it enables the court to consider the nature of the crime with which a defendant is charged and the danger that if he were released he would commit similar crimes

---

[1] References to: Exhibits are by number (Ex. _).

[2] "Danger ... means more than a risk of physical violence"; it "also refers to the danger Defendant might engage in criminal activity to the detriment of the community." United States v. Patriarca, 776 F.Supp. 593, 597 (D. Mass. 1991)

again.").[3] Consequently, in considering danger to the community, this Court should consider "danger" in relation to danger to the "property of another" (as the definition of "crime of violence" commands),[4] and the potential for the Defendant to commit further crimes if released.[5]

To start, the Defendant's crimes were serious and extensive. The Plea Agreement reflects the government's calculation that the Defendant's offense level is 33. *See* ECF #48.

The government estimates TORRES's criminal history category to be category V. TORRES most recently served multiple years in state prison for a Hampden Superior Court firearm case. Prior to that state prison term, TORRES had served a number of sentences for motor vehicle and theft offenses. Like DAVILA, a number of TORRES' historical convictions do not score to age.

| Date | Offense | Sentence | Points |
|---|---|---|---|
| 4/27/2015 | Possession to Distribute Class A<br>Hampden Superior, 1379CR00851 | Guilty, 2 to 3 years | 3 |
| 3/19/2014 | License Revoked as HTO<br>Holyoke DC, 1417CR000550 | Guilty, 30 days | 1 |
| 6/4/2013 | Operating after Revoked License<br>Springfield DC, 1323CR003896 | Guilty, 120 days | 2 |
| 2/12/2013 | B&E Night for a Felony<br>Holyoke DC, 1117CR001979 | Guilty, 6 months | 2 |
| 10/10/2012 | Receiving Stolen Motor Vehicle<br>Springfield DC, 1123CR004020 | Guilty, more than 60 days | 2 |
| 10/10/2012 | Negligent Operation<br>Springfield DC, 1123CR001263 | Guilty, more than 60 days | 2 |
|  |  | TOTAL | 12 (V) |

---

[3] Congress enacted the Bail Reform Act in 1984 in response to "the alarming problem of crimes committed by persons on release." United States v. Salerno, 481 U.S. 739, 742 (1987) (citation omitted).

[4] See 18 U.S.C. § 3156(a)(4) ("physical force against the person or property of another"; "substantial risk that physical force against the person or property of another may be used in the course of committing the offense").

[5] "Danger ... means more than a risk of physical violence"; it "also refers to the danger Defendant might engage in criminal activity to the detriment of the community." United States v. Patriarca, 776 F.Supp. 593, 597 (D. Mass. 1991).

With an anticipated criminal history category of V, the Defendant faces a potential GSR of 210 to 262 months. This offense level was accrued while acting as a middle-man and transporter of stolen goods, that he would deliver himself, or cause one of his runners to deliver.

For this Defendant, the potential for further crimes is especially pronounced. The Defendant can continue to orchestrate his unlawful business while on presentence release and even under home confinement, could direct others to pickup stolen property and make deliveries.

This of course would not be the first instance when the Defendant has committed crimes while under Court release. As noted in the Complaint Affidavit, TORRES was on pretrial release for two pending cases in Connecticut, and one case in Springfield District Court at the time he committed the crimes charged in this Indictment.

## CONCLUSION

Based on the foregoing, arguments made in the motion, and at the Detention Hearing, and based on the evidence before the Court, the Defendant presents a serious danger to the community if released. The Defendants must be detained pending sentencing.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

/s/ *Philip A. Mallard*
Philip A. Mallard
Assistant United States Attorney
One Courthouse Way
Boston, MA 02210

CERTIFICATE OF SERVICE

I, Philip A. Mallard, hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Date:  July 14, 2023                                             */s/ Philip A. Mallard*
                                                                           Philip A. Mallard
                                                                           Assistant United States Attorney